18-4081 USA v. Jurmaine Jeffries oral argument 15 minutes per side Mrs. Miller for the appellant. You may proceed. May it please the court Megan Miller on behalf of the United States I'd like to reserve three minutes of rebuttal if the court permits. Thank you. Jurmaine Jeffries distributed fentanyl resulting in the overdose death of Jamie Huffer. This is the exact type of situation that Congress envisioned when it enacted the enhanced penalty provision of 21 USC 841 B1c which applies to a drug dealer when the use of his drugs results in death. At Jeffries trial after hearing extensively from the parties the district court properly instructed the jury that this death results enhancement is met with but-for causation. So you say that resulting from and proximate cause are synonymous? No your honor. No your honor. Okay. Results from is synonymous with but-for causation. At the after the trial after the jury's verdict the district court improperly read approximate cause requirement into that death results enhancement and that proximate cause requirement was legally incorrect and therefore an abuse. Go ahead. An abuse of the district court's discretion for three reasons. First the plain language of that statute does not require foreseeability of death. Second Congress intentionally tied the enhanced penalty to inherently risky conduct. And third eight circuits agree the proximate cause is not required. Your honors when we look at the plain language of that statute it applies when death results from the use of the substance. This results from language when given its ordinary meaning means but-for causation and does not require the imputation of an additional proximate cause requirement. This is informed by looking at the legislative intent, the statutory purpose, and the context in which Congress enacted the statute itself. First your honors this was enacted as part of the anti-drug abuse act of 1986. Congress promulgated that act precisely because it sought to increase penalties on drug traffickers. That when drug traffickers distribute a substance and the use of that substance causes serious bodily harm or death to an individual there will be an enhanced penalty. Why doesn't the case of United States v. Martinez not control here? It doesn't apply your honor because that is in a different statutory scheme with different statutory language and a different statutory purpose and construct against which Congress was legislating. And starting with the language of Martinez the health care fraud statute requires an enhanced penalty if the violation results in death. Here isn't the violation the violation which is distributing a prohibited substance that results in death. So why is that so different? There's an extra step in the 841b1c enhancement your honor and that step is from drug trafficking to the use of the substance trafficked that results in death. So that additional imputation. Here the violation is the distribution and the violation is over at that point. Is that your distinction? Yes your honor the violation is drug trafficking because to be convicted of drug trafficking under 841a1 you have to knowingly and intentionally distribute. Nobody has to even use it if you distribute it and they flush it down the toilet you're still criminal. Under yes under the statute itself yes your honor the substance until someone uses it and it's the use that triggers the enhanced penalty and that's consistent with what Congress intended in the Controlled Substances Act. Congress found that the use of controlled substances poses an inherent danger to the American public and they legislated precisely to schedule controlled substances because of the high risk of abuse that they pose and because they generally lack a widely accepted medical usage. So consistent with this finding where Congress found that the use of a controlled substance inherently carries a danger of death or bodily harm it found to tie the enhanced penalty to that use. What and obviously the the defendant here and now the judge wants a foreseeability requirement but what about if the drug as distributed let's say either it's contaminated with something worse like heroin is contaminated with fentanyl or it's contaminated with something that wouldn't hurt most people like shrimp and somebody has an athletic shock when they take the drug which is an illegal drug but it wouldn't really have been foreseeable to the distributor would they still be liable in either of those circumstances? Well your honor before we would even get to the enhanced penalty provision in order to be convicted of the precise type of drugs it's only necessary that the defendant intends to traffic in. I agree with that but I'm asking about the enhancement in in a situation where as I say it's not known or wouldn't be known that it would be that what actually caused the death was something different than the drug that the drug you were distributing. So you would say the enhancement would still apply? I would say that the enhancement would still apply your honor because anytime that someone is distributing a controlled substance it is objectively foreseeable that that controlled substance may result in serious bodily harm or death and that's what we're looking at here we're looking at an objective standard of foreseeability so if there's a particular instance in which one drug distributor or one individual claims that they didn't intend a particular result or couldn't precisely foresee a particular result that is not the proper inquiry. What we're looking at is whether or not drug use and drug trafficking itself is inherently carries a foreseeable risk of harm and the answer... The two hypotheticals I threw out and one of them you have a dangerous drug that is contaminated with an even more dangerous drug that one's kind of easier. In my second hypothetical which was a dangerous drug I mean it's dangerous but what causes the death is something that that is not illegal or not normally dangerous it's an eggshell skull decedent. Would you still say that or would there be a way to parse it as not but for? Well I think that that is that that's encapsulated in what the but for causation requirement would entail. If the medical examiner or the forensic pathologist finds in the first instance that it wasn't the actual drug that the individual distributed that caused the inquiry stops but because but once we get to that point once we have the but for causation Congress has intended that this is already that it's already foreseeable that the use of drugs is inherently dangerous and there's no need to impose an additional proximate cause requirement. Your Honor I would also point out that the parallel penalty enhancement in 841b1e which just which schedule of drugs was enacted in 2008 and by that time five sister circuits had already addressed the language of b1c as not finding or requiring proximate causation. So Congress presuming to legislate knowing the background of that law could have imposed a proximate cause requirement into that provision. It could have changed 841b1c but it did not. It left the language as results from the ordinary meaning of which is but for causation and but for causation only. Hypothetically you have a a victim a decedent who dies from an illegal substance and here I know near the person's body they had a telephone where it indicated that they had contacted a particular drug dealer prior to death. So drug distributors and it is unclear which of two dealers provided substance. I mean let's say she might already have or she might already have some and it's unclear the source from that. What do you do in that case are both of the dealers who are ultimately identified are they liable for the death? Well in it's two in two possible situations. One Your Honor if they're conspiring together then yes. But if they're independent Walgreens and CVS. Right if they're Walgreens and CVS you don't even get to the enhanced penalty because you still have to prove that the death results from the use of the defendant substance the use of the substance that defendant traffic. So here unless the government can prove that in the first instance beyond a reasonable doubt you don't even get to applying the enhanced. That's the that's the classic you know two hunters who shooted a bird and one of them kills somebody Summers V. Tice right so they would just get they should be acquitted. That's possible. You know depending on the evidence but that would be a good that would be a relatively good defense you can't prove beyond a reasonable doubt that it was my drugs because they had packets from CVS and Walgreen and Amazon. And at that point that's right you don't even get to the enhanced penalty into the foreseeability requirement. But in a case like this where there is no suggestion that or evidence that it was anyone else. Where there were no other drugs or any other comorbidities that this individual possessed that could have led to her death. This is the situation that Congress intended. This is I take it there are I was about to I'll ask them whether there's any of these confounding hypotheticals. But as I understand it they're I mean obviously they would they want the instruction no matter what. But their equitable argument as I understand it and help me if I'm wrong is that the the the defendant we have thought he was just selling to another distributor who would never use the drugs. And therefore it's kind of unfair to tax him. Is that is that the way the argument would work? Do you understand that as being their argument? Well your honor the we would agree with the assessment of the facts at trial bearing out that the deceased was a distributor. But other circuit courts have grappled with even more entangled hypotheticals in finding that proximate cost is not required. And I would point your honors to the Eighth Circuit decision in McIntosh. In McIntosh that individual distributed drugs to other individuals who then distributed drugs to someone's 14 year old daughter. And in that case the defendant knew that young lady and said please don't give her drugs. And the Eighth Circuit said even though it wasn't directly distributed to the decedent, even though that defendant didn't even want his drugs to go to that decedent, that Congress intended for that type of situation to apply. Congress simply said. But and so this is what I want to ask you. So well you have a statute that allows for this enhancement when a third party's use of the drug. In that situation the proximate cause becomes even more important. I know you're saying the Eighth Circuit said well even then you know the enhancement should still be triggered. But wouldn't proximate cause there be even more important? No your honor because it is always foreseeable to a drug dealer that someone is going to use the drugs that he or she sells. And that was the basis of Congress's inquiry. If somebody's going to use and even give them to a third person. Yes your honor. Yes that the drug by putting these drugs out on the street, putting them into the market that those drugs are going to be consumed. How far does that I mean the example you gave you know sounded like there would be foreseeability anyway because he knew that it might happen because he was warning against it. But how far does that chain of distribution go that is if you're the kingpin in Cleveland and by the time the drugs kill somebody in Eastern Kentucky it's fourth or fifth level down. Are there cases that hold that? Is there a chain of distribution ability? Well I think your honor that that again is subsumed in having to prove that it was those drugs distributed by the defendant that resulted in death. So there will be problems of proof presumably because as your honor pointed out on the fourth or fifth or sixth chain of distribution that proof becomes even more lessened. So I think those situations just by having to prove that it's those drugs tied to. But assuming that you could prove you know six or seven levels down the enhancement would still apply. Yes it would your honor because. If they're if they're branded drugs these are the best things out of the kingpin in Cleveland and you still got the package down in Harlan. It would apply your honor. You would at least try to get them. It would apply your honor because death is always foreseeable and anytime a drug trafficker puts drugs in the market there is an objective presumption that bodily harm or death can result. And again we're talking about an objective standard of foreseeability. Whether the reasonable person would understand that there's. I know your light is on now so you can finish. Oh yes I apologize your honor. And the objective person would understand that there is a reasonable foreseeability of death. Thank you. Good morning. My name is Claire Cahoon and on behalf of the Federal Public Defender I represent Jermaine Jeffries. An enhanced penalty should always involve enhanced causation. And in this case Judge Oliver identified that by granting Mr. Jeffries a trial when approximate cause instruction was not given. I'd like to start with the sort of the broadest and move to the most narrow. So if we look at the plain. So I just want to ask you how is it that all of the circuits up to now in your opinion have gotten this wrong? They've been consistent in their review of this issue. Why are all of these circuits wrong and you believe that your position is correct? Thank you Judge Donnell for three reasons really. The first is that if we look at the body of circuits who have already decided this issue the vast majority of them are decisions that predate both Burrage and Paroline. That provide the courts with a lot of direction about the relationship between but-for causation and proximate causation. So when we take those cases away we're really only left with two cases. We're left with Alvarado and Hardin and then Burkholder which deals with a similar statute under 841. Now Hardin is distinct because in that case the defendant waived the issue of the proximate cause instruction so that impacted the courts analysis resulting in a much less robust discussion of proximate cause in the courts opinion. Similarly in Alvarado which is out of the Fourth Circuit there was a plain error standard of review. So again we have a reduced level of review that the court is imposing. And what this court should be most guided by is its own decision making. So first I would point this court to United States v. Martinez. Granted it is a different statutory scheme however it does have very similar language. In Martinez the courts dealt with a health care fraud statute. It had a similar death enhancement the language being results in death. And what the Martinez court determined was that there had to be. What was it that had to result in death? The health care fraud itself. And I believe the scenario that Martinez discussed that came up most frequently were physicians who were prescribing for example painkillers in a way that was inappropriate and fraudulent and led to the death of patients. So although not identical it has some similar characteristics to a drug trafficker than giving a user illicit substances. But point being that the Martinez court determined that that results in death language because and I think this is part of what the court is concerned about in some of its hypotheticals because there was a desire toward near fortuities which is what Paroline tells us to do. We don't want to have causal relationships that are too attenuated from the actual offense conduct. In an effort to avoid that the Martinez court said the language is too ambiguous and the Supreme Court has consistently directed us to employ both the rule of lenity in favor of the defendant and the traditional principles of criminal law which would require approximate cause instruction. Now one of the things that the government pointed out in their briefing that I believe is an argument that the Tenth Circuit makes in Berkholder is this distinction between the passive voice and the active voice. Now granted the language in Martinez is active voice and the language in 841 is passive and I think Ms. Miller's point, that is Ms. Miller's point when she discusses use, the victim's use being a triggering offense. However, I would note for the court that the decision that this court relied on in Martinez that sort of served as the basis of its reasoning is an unreported decision called Wygand and Wygand was a case that dealt with the interference of housing rights based on race. Wygand also included passive voice statutory language. That death enhancement was bodily injury resulted passive voice just like our drug trafficking statute. And in Wygand this court determined that that language did require approximate causation. Again, for all the principles that have been discussed at great length in Burrage and Paroline because we have to avoid situations where the offense conduct is too attenuated from the actual result. And I would like to answer this court's hypotheticals with another hypothetical. It's a common one that Judge Oliver talks about and it's also discussed in Burrage which is the drug trafficker who sells drugs to a drug user. The drug user then uses those drugs and gets into their car. The drug user is hit by a speeding motorist and killed. Now, the drug user probably could have avoided that speeding motorist if they had not been using the illegal drugs. But the relationship between that car accident and the drug dealer has become more attenuated than simply a drug overdose situation. So the court has to consider the entire spectrum of possible outcomes when there are individuals trafficking drugs that could lead to death. Overdose is just one of those potential outcomes. And by drawing such a broad rule, by saying there's no approximate causation required simply because the express language of the statute doesn't require it, leads to a lot of these hypotheticals where even though we're getting farther and farther down the causal chain, there's still this sort of strict liability. And that's simply not Congress's intent. Part of the reason for that is because we know that Mr. Jeffries is already going to be punished by virtue of the way 841 is structured. So 841 doesn't, if this court agrees and affirms Judge Oliver's reasoning, Mr. Jeffries doesn't go free. He's still been convicted of trafficking in drugs under 841 which is a very serious offense. It carries a statutory maximum of 20 years of incarceration. So Congress didn't need the death enhancement to be applied in every drug trafficking case where death resulted to ensure that drug trafficking was punished. Rather, the strong statutory scheme of 841 itself does that already. So all Congress intended was to make sure that when there are situations where that causal chain can be linked up between drug trafficking and a death, that that enhancement can be proven and create a heightened penalty. Not in every case. In this case, I was asking if in effect, obviously you want the instruction in every case no matter what the facts are, but are there any facts that take this out of what I would call the heartland of drug distribution? A distributes to B, B uses it and dies. No, Your Honor, I don't believe there is. But I also don't believe that drives this court's analysis. Of course, this court is aware you have to make case law for all cases. So whatever this court decides, it's going to impact everyone who's charged under 841 B1C, not just Mr. Jeffries. And so to draw such a broad rule without proximate cause really is going to lead to these disparate, unreasonable results. I think some of what can guide the court here are those common law, criminal law principles that have been employed by both circuits and the Supreme Court over and over again. One of those being that the smaller the penalties and the less serious the conviction, the less need for a causal chain. The Supreme Court explains that in Morissette, that we really should not be reading an approximate cause instruction where it's not a very serious offense and the outcome is not very serious. Of course, that's not the situation with 841, because that death enhancement carries a life sentence. There is nothing I can think of other than death case that would be a more serious outcome. Also, the Supreme Court points out that it's not uncommon for Congress to legislate statutes that don't expressly include a proximate cause component, but to still require proximate cause. And the court gives a number of examples in Paroline. So there's lots of support inside the case law for this court to agree and to affirm Judge Oliver's reasoning. And Judge Oliver goes to great lengths in his written opinion to synthesize and link up all of the reasoning that the Supreme Court has employed in its previous decisions, as well as all of those sort of supporting factors, the model penal code, traditional criminal law principles, and how we think of proximate cause generally. This desire to avoid mere fortuity is the need for a causal link. I would also point out that we were discussing earlier this idea of passive versus active language. And I don't know that I expressly made the point, but there are several other circuits that would agree with this reasoning in a different context. So in the briefing, Apelli had pointed out the Second Circuit's decision in Gillette and the Third Circuit's decision in Gonzales. Both of those cases deal with other statutes that have similar death enhancements. And both of those statutes have passive language, again, just like 841. And even though we have death enhancements with passive language, which under the government's construction would require just but for causation, those circuits determined, no, we need to have proximate causation because of the severity of death enhancements and because of these traditional common law criminal law principles. I'm sorry. The statutes that you're now citing, too, what were those statutes that had death-resulting enhancements? Certainly, Your Honor. In Gillette, it's Section 241. It's a conspiracy against rights offense, so it's a civil rights offense. Like what? Wygand? Sort of? Similar. Yes, similar sorts of ideas. And in the Third Circuit in Gonzales, it's 18 U.S.C. 2261b1, which is an interstate domestic violence cyberstalking statute, so definitively a criminal law statute. One can only presume having the same sorts of congressional intent behind it, the desire to protect victims of domestic violence, just as 841 is a desire to protect those who might be exposed to illegal drugs. And even in that situation where we have very sympathetic victims that certainly Congress wants to protect, the Third Circuit says we have to make sure, because of the severity of this punishment, the severity of the death enhancement, that we are giving defendants the full complement of all of the causation that the Supreme Court has identified. So you're talking about the Third Circuit. Your Honor, I think because of the changing landscape of the Supreme Court's discussion of causation, I don't think we can minimize how important both Burrage and Paroline have been to all the circuits in understanding the relationship between offenses and cause. Both Burrage and Paroline, well Paroline in particular, because Burrage really addresses but-for causation, but Paroline in particular goes to great lengths to explore the issue of proximate causation and really flesh out its relationship to crimes. And it's factually a different situation because we're dealing with the restitution for sex offenders, but part of what makes Paroline so powerful is that it's a real analysis of what kind of relationship do we want to have, what kind of relationship does the Constitution require between crimes and proximate cause. Does the Constitution require it? Do you have a constitutional argument here? I'm sorry, I really should have said should the statute require it. Okay. Got a little excited. Okay. But certainly Paroline identifies and highlights the need for proximate cause, especially in these kinds of very severe and very serious offenses. I'll also just note briefly the government did file a short 28-J noting this court's recent panel set of jury instructions. The new jury instructions do include a but-for causation instruction for 841B1C without a proximate cause instruction included. I would argue to this court that that is not controlling for two reasons. One, of course this court is already aware they're not bound by the pattern instructions. That's a committee of lawyers and judges who put that together. It doesn't have binding authority on this court. It only has arguably persuasive value. However, when you look at that instruction, it's based on this court's previous decision in Volkman. That's the only legal authority from which that instruction comes. Volkman doesn't discuss proximate cause. It's not an analysis of whether or not 841 should include proximate cause. And so Volkman really doesn't give us any insight into that. Is the new pattern instruction any different significantly from the one that was given? I thought they were given a pattern jury instruction. That's correct, Your Honor, and the new instruction is consistent with that former instruction. However, I wanted simply to explain to this court that even though that new instruction doesn't include the proximate cause component, we would argue that instruction is wrongful and that the need for proximate cause is consistent with all the sort of authorities we've already identified. All right, if there aren't further questions. Thank you very much. Thank you. Counsel, your two-minute rebuttal. Thank you, Your Honors. This is a case within the heartland of drug distribution for which Congress intended an enhanced penalty to apply. Mr. Jeffrey's reliance on Burrage is not availing in this instance. There are three circuit courts that have said that Burrage does not require, let alone mandate, proximate cause, and in the aftermath of Burris continued to find that 841B1C. What's the difference between require and mandate, you just said? I said it does not require or, well, I guess suggest or mandate, Your Honor, that there's no suggestion in the language, let alone any type of requirement. And those three circuits have found that Burrage does not control. Also, both Mr. Jeffrey's and the district court confused the difference between a strict liability crime and this particular element. This is not a strict liability crime. For Mr. Jeffrey's to be convicted, he must have knowingly and intentionally distributed the controlled substance. That's mens re. And the Seventh Circuit has found and other courts have found that a type of strict liability for the penalty is appropriate given Congress's intent in this instance. Your Honors, I would also note that the Second and Third Circuit decisions upon which Mr. Jeffrey's relies, as well as the Wigan decision that the Martinez court looked at, it's not the passive language that's the driver here, Your Honors. But all of those statutes in the fair housing, in the civil rights discrimination context, they all have language that it's the violation resulting in death. It's the act resulting in death. And that is structurally different from the language that we have at issue in 841B1C, as well as the scope of those statutes where a violation could result from many types of conduct, much of which would not carry a foreseeable result of death. Whereas here, the enhancement is specifically linked to conduct that does. I would also point out that the judge is not entitled to discretion in this particular instance because he was legally incorrect on the law. And this is borne out, I think, by the discussion of the 14.02B jury instruction. That instruction didn't exist at the time of the trial. It is substantially similar to the instruction that was given to the jury. So if this court were to affirm the judge's decision and remand for a new trial, 14.02 would exist essentially in a situation in which he would be forced to give the same requirement. So his disagreement on the law is not something that can be entitled to discretion in this particular situation. By the text and by design, Congress intended for 841B1C to be satisfied with but for causation only. We ask this court to reverse and remand for sentencing. Thank you. Thank you. We thank you for your arguments. The matter is submitted and we'll give you an opinion in due course. Thank you.